IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DENNIS JOEL DE PAOLI,

    Petitioner,

v.                                                             CASE NO. 1:06-cv-00009-MP-AK

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 19, Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  It is now clear--though not from the petition--that Petitioner is a pretrial detainee who has been found incompetent to proceed and has been committed to the Department of Children and Families.  Doc. 16 at 9.  Thus, the appropriate avenue for relief is § 2241, not § 2254.  *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (relief under § 2241 is reserved for those instances in which petitioner is not in custody pursuant to state court judgment, such as where pretrial detainee complains that his detention violates Constitution or laws of United States).

Although the Court will construe the second amended petition as one brought under § 2241, Petitioner is entitled to no relief in this Court because he has not exhausted the state court remedies available to him under the Forensic Client Services Act, Fla. Stat. Ann. § 916.10, which provides the basis for Petitioner's commitment.  *See* Doc. 16 at 9-12.  In *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973), the United States Supreme Court recognized that a

petitioner must exhaust "all available state remedies as a prelude" to filing a § 2241 petition. *Braden*, 410 U.S. at 489.  Here, Florida law provides Petitioner with the opportunity to "petition for a writ of habeas corpus to question the cause and legality of such detention and request that the committing court issue a writ for release." Fla. Stat. Ann. § 916.107(9)(a).  The petition should be filed "in the circuit court in the county where the client is committed alleging that the client is being unjustly denied a right or privilege granted herein or that a procedure authorized herein is being abused." *Id*. at § 916.107(9)(b).

To the extent that Petitioner's second amended petition raises claims not cognizable on habeas relief, e.g., that he is being forced to sleep on the floor and that he is being denied adequate medical care, *see* Doc. 19 at 11-14, he must seek redress of those claims through a separate civil action pursuant to 42 U.S.C. § 1983.

In short, Petitioner has failed to exhaust his available state court remedies before seeking habeas relief in this Court, and he has raised some claims which are not cognizable under § 2241; thus, his petition should be dismissed to allow him the opportunity to seek relief in the proper venue and through the proper means.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's second amended petition for writ of habeas corpus, Doc. 19, be **DENIED**, and that this cause be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

**IN CHAMBERS** at Gainesville, Florida, this *24 th* day of March, 2006.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**